OPINION
Appellant Gregory S. Brooks appeals a judgment of the Licking County Municipal Court convicting him of operating a motor vehicle outside of marked lanes (R.C. 4511.33) and Driving Under the Influence (R.C. 4511.19 (A)(1)):
ASSIGNMENTS OF ERROR
 1. THE TRIAL COURT ERRED IN IGNORING DEFENDANT'S NOTICE OF JURY DEMAND AND DEMAND FOR SPEEDY TRIAL FOR A PREVIOUSLY UNREPRESENTED DEFENDANT.
 2. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION FOR A CONTINUANCE FOR WANT OF DISCOVERY FROM THE STATE OF OHIO.
 3. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION FOR A CONTINUANCE WHILE A MOTION TO SUPPRESS EVIDENCE WAS PENDING BEFORE THE TRIAL COURT.
On July 16, 1999, Trooper Weaver of the Ohio State Highway Patrol was dispatched to a two-car crash on Interstate 70 in Etna Township. The trooper was directed to appellant, the driver of one of the vehicles. Appellant was sitting on the ground, and upon approaching him, the trooper smelled a strong odor of alcohol. While speaking with the appellant, the trooper noticed that appellant's eyes were bloodshot and glassy, and his speech was slow and slurred. After investigating the accident, the trooper determined that appellant's vehicle changed lanes, sideswiped another vehicle, and pushed it into the median. The trooper performed the horizontal gaze nystagmus test on appellant at the hospital, and appellant exhibited six clues. Appellant was charged in the Licking County Municipal Court with driving under the influence of alcohol and operating his vehicle outside marked lanes. On July 21, 1999, he entered a plea of not guilty. On July 29, 1999, the court set the trial date for August 31. On August 31, the day of trial, counsel for appellant filed a notice of appearance, request for discovery, motion to suppress, motion to continue, demand for jury trial, and demand for speedy trial. When the parties appeared for trial, counsel for appellant orally renewed his request for jury trial and for a continuance. The court overruled both motions from the bench. Appellant then entered a plea of no contest to both charges. He was convicted as charged, sentenced to 30 days incarceration with 27 days suspended, and placed on probation for one year. He was fined $300.
 I
Appellant agues that the court erred in overruling his motion for a jury trial and for a speedy trial. Crim.R. 23 (A) requires that in the instant case, appellant file a jury demand not less than ten days prior to the date set for trial, or on or before the third day following receipt of the notice of the date set for trial, whichever is later. The Rule further provides that failure to so demand a jury trial is a complete waiver of the right to jury trial. Appellant does not argue that his jury demand was timely; rather, he argues that he did not knowingly waive such right, as he was not advised of this right. The record reflects that on July 21, 1999, appellant signed an Acknowledgment of Rights form, which included an explanation of his right to a jury trial, the time and manner in which he must demand a jury trial, and the fact that failure to timely make such a demand would result in waiver. Appellant initialed the paragraph containing the specific information on jury demand. Therefore, the record reflects that appellant was informed of the necessity of making a timely jury demand. Appellant also argues that he was not properly advised of his right to speedy trial. The record does not reflect that appellant waived his right to speedy trial, nor did he move to dismiss the charges on speedy trial grounds. Further, the host of motions filed by appellant on the same date as his speedy trial demand would have extended the time in which he must be tried, pursuant to R.C. 2945.72 (E). The first assignment of error is overruled.
 II
Appellant argues that the court erred in overruling his motion to continue, as he had not received discovery from the state pursuant to his request. Appellant's motion for discovery and motion to continue were both filed on August 31, the day on which the trial was to proceed. Appellant has not demonstrated that the court abused its discretion in overruling the motion to continue, as notice of the trial date was sent to appellant on July 29, 1999, over a month before trial. The second assignment of error is overruled.
 III
Appellant agues that the court abused its discretion in overruling his motion to continue, as his motion to suppress was pending before the court. Crim.R. 12 (C) requires that a suppression motion be filed within 35 days after arraignment or 7 days before trial, whichever is earlier. The court may in the interest of justice extend the time for making pretrial motions. Appellant's motion was not timely filed, as it was filed on the day of trial. Appellant's motion to suppress did not contain specific facts demonstrating that suppression was required in the instant case, and appears to be a boilerplate motion. The motion argues that alcohol testing was not sufficiently accurate and reliable to support a per se conviction pursuant to R.C. 4511.19 (A)(3); however, appellant was not charged with a per se offense, and the police report indicates that he was not tested for alcohol. Further, the motion argues that the stop of appellant's vehicle was not supported by a reasonable suspicion of criminal activity, while the record demonstrates that the vehicle was involved in an accident, and therefore "stopped," when the officer arrived on the scene. Appellant has not demonstrated that the court erred in failing to consider the motion. The court therefore did not err in overruling appellant's motion to continue while a motion to suppress was pending. The third assignment of error is overruled.
The judgment of the Licking County Municipal Court is affirmed.
WISE, J., and EDWARDS, J., concur